IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| CHARLES A. HILL 0724884 | § |
| | § |
| V. | §   A-07-CA-843-SS |
| | § |
| C/O WATSON #1589 and | § |
| GREG HAMILTON | § |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex in Del Valle, Texas. Plaintiff alleges on August 21, 2007, Officer Watson shoved him while Plaintiff was in the middle of his morning prayer. Plaintiff asserts Officer Watson interrupted the prayer with yelling and a push to Plaintiff's shoulder. According to Plaintiff, he asked to speak to rank, but his request was denied.

1

Plaintiff attached to his complaint a witness statement from another inmate. According to the inmate, Officer Watson "popped" Plaintiff on the shoulder and told him not to pray because the shift was going to change in 15 minutes. The inmate stated the officer was in Plaintiff's face, but after five minutes, told Plaintiff to continue his prayer but to be finished by 7:00 a.m. According to the inmate, Plaintiff finished his prayers by 7:00 a.m.

Plaintiff sues Officer Watson and Sheriff Greg Hamilton. Plaintiff requests that Officer Watson be terminated. He further requests an unspecified amount of compensatory and punitive damages.

## DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.    Supervisory Liability

Plaintiff has not alleged Sheriff Hamilton was personally involved in the alleged constitutional violation.  Plaintiff appears to want to hold Sheriff Hamilton liable in his supervisory capacity.  However, supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship.  Monell v. Department of Social Services, 436 U.S. 658, 693, 98 S. Ct. 2018, 2037 (1978);  Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).  If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations.  Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).  In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. at 304.  Plaintiff has failed to provide a basis for holding Sheriff Hamilton liable in this case.

C.    Excessive Force

The standard for reviewing a claim of excessive force by a jail officer upon a prisoner or a pretrial detainee varies somewhat depending upon the custodial status of the victim of the assault.  The Fourth Amendment provides the standard for reviewing claims of excessive force in the course of otherwise lawful arrests.  See Graham v. Connor, 490 U.S. 386, 109 S. Ct. 1865 (1989).  Prior to the time a person in custody is convicted of a criminal offense, the Fourteenth Amendment provides the standard of review for claims of excessive force by custodial officials.  See Valencia v. Wiggins, 981 F.2d 1440 (5th Cir. 1993), cert. denied, 509 U.S. 905, 113 S. Ct. 2998 (1993).  Once a prisoner has been convicted and placed in the penal system, the Eighth Amendment provides the

primary source of protection for a prisoner complaining that he has been injured through the application of excessive force by jail or prison personnel. See Huget v. Barnett, 900 F.2d 838, 840 (5th Cir. 1990).

Plaintiff does not specify whether he was a pretrial detainee or a convicted inmate at the time in question. Regardless, to prevail on an excessive force claim, a plaintiff must establish that force was applied not in a good faith effort to maintain or restore discipline but maliciously and sadistically to cause harm and that he suffered an injury. Hudson v. McMillian, 503 U.S. 1, 7, 112 S. Ct. 995, 999 (1992). "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. at 9 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)). In Plaintiff's case he does not allege he suffered any injury at all. As such, his claim of excessive force is frivolous.[1]

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge

---

[1] To the extent Plaintiff may be alleging his religious rights were violated his claim also fails. Plaintiff merely alleges his prayer was interrupted on one particular occasion, which does not amount to a constitutional violation.

of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders.  See, TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 29th day of October, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE